1   MARK HIMELSTEIN (State Bar # 42552)
    Attorney at Law
2   1936 University Ave., Suite 355
    Berkeley, CA  94704
3   (510) 841-8575
    (510) 845-3016 Fax
4   e-mail: mh@himellaw.com

5

6   GREGORY P. BROCK (State Bar # 181903)
    Attorney at Law
7   2039 Shattuck Avenue, Suite 200
    Berkeley, CA  94704
8   (510) 841-1171
    (510) 841-1666 Fax
9   e-mail: BrockLawOffice@gmail.com

10  Attorneys for Associated Students
    of the University of California
11

12

13                  UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17  JESSICA FELBER, BRIAN MASSEY        Case No. C 11-01012 RS

18              Plaintiffs,
                                        **DEFENDANT ASSOCIATED STUDENTS OF**
19          vs.                         **THE UNIVERSITY OF CALIFORNIA'S**
                                        **MEMORANDUM OF POINTS AND**
20  MARK G. YUDOF, PRESIDENT OF         **AUTHORITIES IN SUPPORT OF MOTION**
    REGENTS OF THE UNIVERSITY OF        **TO DISMISS FIRST AMENDED**
21  CALIFORNIA, BERKELEY; THE           **COMPLAINT**
    REGENTS OF THE UNIVERSITY OF        **[Fed. R. Civ. P. Rule 12(b)(6)**
22  CALIFORNIA; ROBERT J. BIRGENEAU,
    CHANCELLOR OF THE UNIVERSITY OF     Date:  September 22, 2011
23  CALIFORNIA, BERKELEY; JONATHAN      Time:  1:30 p.m.
    POULLARD, DEAN OF STUDENTS OF       Dept:  Courtroom 3, 17th Floor
24  THE UNIVERSITY OF CALIFORNIA,       Judge: Hon. Richard Seeborg
    BERKELEY; ASSOCIATED STUDENTS OF
25  UNIVERSITY OF CALIFORNIA (ASUC);    Complaint filed: March 4, 2011

26              Defendants.

27

28  _____

    DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO
    DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P.
    12(b)(6)                              (Cause No. C 11-01012 RS)

TABLE OF CONTENTS

I.   INTRODUCTION  ............................................1

II.  SUMMARY OF RELIEF SOUGHT ...............................2

III. FACTUAL ALLEGATIONS OF THE COMPLAINT RE ASUC ...........3

IV.  ARGUMENT ...............................................5

     A. Standard for Dismissal Pursuant to Fed. R. Civ. P.
12(b)(6)....................................................5

     B.   Dismissal of the Complaint.. ......................7

     C.   Dismissal of Specific Claims. ....................8

          1. Claim 1 - U.S. Constitution - Amendment 1 .........8

          2. Claim 2 - Violation of Cal. Constitution Art. 1, Sec.
          4 .................................................8

          3. Claim 3 - Violation of 42 U.S.C. § 1983 ...........10

          4. Claim 4 - Declaratory Relief. .....................13

          5. Claim 5 - Violations of Civil Code Sections 51, 51.5,
          51.7, 52, 52.1. ...................................13

          6. Claim 6 - Violation of Title VI of the Civil Rights
          Act of 1964 .......................................14

          7. Claim 7 - Violation of Government Code § 11135 ...15

V.   CONCLUSION  ...........................................16

1                TABLE OF AUTHORITIES

2

3 **U.S. Supreme Court Cases**

4 *Bd. Of Regents of the Univ. of Wisconsin v. Southworth*, 529 U.S.

5 217, 235 (2000) .......................................... 12

6 *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)

7 ................................................. 6, 7, 10, 13

8 *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) ..... 8

9 *Bush v. Lucas*, 462 U.S. 367, 386 (1983) ................... 8

10 *Christian Legal Society v. Martinez*, 561 U.S. ___, 130 S.Ct. 2971

11 (2010). ................................................... 12

12 *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ............... 6

13 *Connick v. Myers*, 461 U.S. 138, 145 (1983) ............... 11

14 *Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964) .......... 11

15 *Hustler Magazine, Inc. v. Falwell*, 485 U. S. 46, 50-51 (1988)

16 ....................................................... 10-11

17 *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964) ....... 11

18 *Nietzke v.Williams*, 490 U.S. 319, 326 (1989) .............. 5

19 *Rankin v. McPherson*, 483 U. S. 378, 387 (1987) ............ 11

20 *Rosenberger v. University of Virginia*, 515 U.S. 819 (1995) . 12

21 *Snyder v. Phelps*, 562 U. S. ____, 131 S. Ct. 1207 (2011) ... 11

22 *Vaden v. Discover Bank* (2009) 556 U.S.___, 129 S.Ct. 1262, 1278,

23 fn. 19 ................................................... 13

24 *Widmar v. Vincent*, 454 U.S. 263, 277 (1981) .............. 11

25

26 **Federal Cases**

27 *Alabama Student Party v. Student Government Association of the*

28 *University of Alabama*, 867 F.2d 1344 (1989) .............. 11-12

1  *Ballistreri v. Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir.,
2  1990) ..................................................... 6

3  *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995)
4  ........................................................ 8

5  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.
6  1994) ..................................................... 7

7  *De La Cruz v. Tormey*, 582 F2d 45, 48 (9th Cir. 1978) ....... 7

8  *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998) ...... 7

9  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th
10  Cir. 1984) ............................................... 6

11

12 <u>California Cases</u>

13  *Blatty v. New York Times Co.*, 42 C.3d 1033, 1041, 728 P.2d
14  1177(1986) ................................................ 10

15  *Curran v. Mt. Diablo Council of the Boy Scouts of America,* 17 C.4[th]
16  670, 952 P2.d 218 (1998) ................................... 14

17  *Katzberg v. Regents of University of California*, 29 Cal. 4th 300,
18  317 (2002) ............................................... 8-9

19  *Randall v. Orange County Council, Boy Scouts of America,* 17 C.4th
20  736, 952 P.2d 261 (1998) ................................... 14

21  *Robins v. Pruneyard Shopping Center,* 23 C.3d 899, 908(1979)
22  ......................................................... 10

23

24 <u>Federal Statutes</u>

25  *42 U.S.C. § 1983* .......................................... 8, 10

26  *Fed. R. Civ. P., Rule 12(b)(6)* ........................... 5, 6,
27  7, 10, 14, 15, 17

28  *Title VI, Civil Rights Act of 1964, 42 USC 2000(d)* ...... *3,* 14-15

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P.
12(b)(6)                    **iii**        (Cause No. C 11-01012 RS)

California Statutes

*Unruh Act, Civil Code Sections 51, 51.5, 51.7, 52, 52.1 ....* 9, 13-14

*Government Code § 11135* ................................... 15


Constitutional Provisions

*United States Constitution – Amendment 1* .......... 2, 3, 4, 7, 8, 10, 11, 13, 14, 16

*California Constitution, Art. 1, Sec. 2* ................. 3, 10, 16

*California Constitution, Art. 1, Sec. 4* ................. 8, 9, 15

*California Constitution, Art. 1, Sec. 7* ................. 9


Treatises

*Rutter, California Practice Guide, Civil Procedure Before Trial, Chapter 10, Section 10:14, p. 10-5* ...................... 13

*Witkin Summary of California Law, Constitutional Law, Section 312, p.497.* .............................................. 10

*Witkin, Summary of California Law, Agency and Employment, Section 334, p. 426)* ........................................ 16

I.  **INTRODUCTION**

The present action filed by a former student at the University of California, Berkeley, and by a present student, seeks to chill constitutionally protected speech on the campus and its environs related to a public issue; namely, the Israeli-Palestinian conflict in the Middle East.  The suit alleges that certain student activity groups funded through the Associated Students of the University of California (ASUC) as part of a University authorized program to fund student extra curricular activities are somehow depriving them of their civil rights through aggressive advocacy of positions on these public issues. Neither the named student organizations nor named individuals of whom plaintiffs complain are included as defendants.  Rather, the suit is directed against the University and individuals charged with the administration of the University system-wide and the Berkeley campus in particular.

Also named as a defendant is the ASUC, a California, a private, non-profit unincorporated association, which is the student-directed institution charged with the administration of student government and the funding of student activities groups on the Berkeley campus.  In order to be funded as a student activity group, the organization must comply with the following steps:

1.  Fill out an application describing the funding and a line item budget for the next year's budget.

2.  Present the funding request to a Senator so that a bill can be introduced in the Senate to approve/disapprove the funding request for the next year's budget.

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)                **1**           (Cause No. C 11-01012 RS)

3.   The bill is referred to the ASUC Senate Finance Committee (made up of student Senators) for consideration to be approved/disapproved or amended.

4.   The bill is reviewed by ASUC and ASUC Auxiliary staff to ensure that it complies with all ASUC and University Rules regarding any discriminatory membership policies (not permitted) and that it aids the overall educational mission of the University to promote a diversity of viewpoint on issues relevant to the campus community.

5.   The ASUC Senate approves, disapproves or amends the funding request as part of the overall annual budget for the following academic year.

6.   Prior to receiving any funds from the ASUC, the organization must attend and complete the ASUC Agent budget workshop.

(See Request for Judicial Notice, Exhibits A, B, C, D, & E.)

The named student activity groups, The Muslim Student Association (MSA) and Students for Justice in Palestine (SJP) are two of literally hundreds of student activity and publication groups funded by mandatory student fees collected for that purpose, on the Berkeley campus. (See Request for Judicial Notice, Exhibit E).

II.   **SUMMARY OF RELIEF SOUGHT**

Defendant ASUC seeks dismissal of Plaintiffs' claims on the following grounds:

As to the federal claims set forth in the first, third and sixth causes of action, the defense is that the speech and conduct complained of is protected by the First Amendment to the United

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)          **2**          (Cause No. C 11-01012 RS)

States Constitution as part of a University-sponsored program to fund student activity groups on a content neutral basis with the use of mandatory student activities fee funds; and, that ASUC, as a legal entity separate and distinct from the Regents, does not receive federal funding of any kind which would subject it to Title VI enforcement.

As to the state claims set forth in the second, fourth, fifth and seventh causes of action, the defense is the same.  The conduct and speech complained of is protected not only by the First Amendment to the U.S. Constitution but also by Article 1, Section 2 of the California Constitution; that if no federal claims lie against ASUC, this is not the proper court to hear state claims as there would be no basis for pendent jurisdiction; and, that ASUC is not a subject to the kind of declaratory and injunctive relief requested by plaintiffs in this action.

### III. <u>FACTUAL ALLEGATIONS OF THE COMPLAINT RE ASUC</u>

Plaintiffs' first amended complaint alleges very few facts concerning the ASUC.  The allegations seem to be taken from newspaper articles and read like a press release rather than a complaint alleging injuries for which there is a legal remedy. The essence of plaintiffs' complaint is that as members of the Jewish student community and as supporters of Israeli political positions, they have been denied their civil rights due to the defendants' policies and procedures which permit Muslim student organizations to rally and protest against the policies of the Israeli government as they affect the Palestinian people.  Citing alleged incidents as far back as 1995, paragraphs 22 through 37, 40 through 42 and 53 through 59 of the first amended complaint

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)                                **3**                (Cause No. C 11-01012 RS)

1  (FAC) are directed at the activities of the two above-named

2  student activity organizations, yet neither of the organizations

3  nor any of their members are named as defendants in this lawsuit.

4      The remaining allegations contain conclusions rather than

5  facts and recite alleged incidents throughout the state which

6  create unwarranted inferences, none of which can remotely be

7  connected with the named plaintiffs in this lawsuit.  On its face,

8  plaintiffs' FAC presents no cognizable theory upon which this case

9  should proceed in Federal court.  The speech complained of is

10  protected under the First Amendment to the United States

11  Constitution.

12      The actual allegations insofar as they appear to relate to

13  ASUC are summarized as follows:  The ASUC is the student governing

14  body of the University of California.  (FAC, para. 11.)  At some

15  point after 2000, the ASUC registered the Students for Justice in

16  Palestine (SJP) as a student activity group. (FAC, para. 26.)  The

17  ASUC provided funding to another student group, the Muslim Student

18  Association (MSA) and its publication Al-Bayan in various amounts

19  in specified years. (FAC, para. 33.)

20      SJP student activists disrupted a concert in November 2008 by

21  draping Palestinian flags from the Eshleman Hall balcony

22  directly over the stage at a hip-hop concert at a Jewish event in

23  violation of UCB/ASUC policy.  (FAC, para. 49.)  Students

24  complained to UCB Dean of Students Jonathan Poullard about the

25  SJP's threatening conduct at an ASUC Senate meeting on March 3,

26  2008. (FAC, para. 50.)

27      In addition, the FAC contains generalized allegations

28  pertaining to all the defendants, summarized as follows:

1  Defendants are empowered by the other defendants to implement the

2  policies that govern the conduct of persons affected and utilizing

3  the University of California, Berkeley, Irvine, San Diego, and

4  other campuses.  (FAC, para. 12.)  Each of the Defendants is the

5  agent or employee of the remaining Defendants and was acting

6  within the course and scope of such agency or employment.  (FAC,

7  para. 13.)  Jessica Felber was assaulted as a result of

8  Defendants' policies which (1) fostered terrorist incitements on

9  campus from MSA and SJP, (2) turn a blind eye to illegal

10 activities, (3) failed to discipline MSA and SJP for "their pro-

11 terrorist" actions despite prior notice, (4) failed to provide

12 adequate security, and (5) condoned harassment of Jewish students.

13 (FAC, para. 17.)   Defendants had notice of harassment,

14 intimidation, incitement, and violence committed by the SJP and

15 MSA against Jewish students at the UC Berkeley, Irvine, and San

16 Diego campuses. (FAC, para. 39.)

17      Plaintiffs focus much attention to Apartheid Week, however

18 the FAC itself alleges that the University sanctioned Apartheid

19 Week (FAC, page 2: 6-9).

20      **IV.  ARGUMENT**

21      **A. Standard for Dismissal Pursuant to Fed. R. Civ. P.**

22      **12(b)(6).**

23      This motion is made under Federal Rules of Civil Procedure

24 12(b)(6).  Rule 12(b)(6) authorizes a court to dismiss a claim on

25 the basis of a dispositive issue of law.  (*Nietzke v.Williams,* 490

26 U.S. 319, 326 (1989).)  The dismissal may be based on lack of a

27 cognizable legal theory or the lack of sufficient facts to sustain

28

1   that theory.  (*Ballistreri v. Pacifica Police Dept.,* 901 F2d 696,
2   699 (9th Cir., 1990).)

3       Rule 12(b)(6) empowers federal courts to dismiss a complaint
4   for failure to state a claim upon which relief can be granted.  As
5   a result of the Supreme Court's decision in *Bell Atlantic Corp. v.*
6   *Twombly,* 127 S.Ct. 1955, 1964-65 (2007), the standard applicable
7   to such motions has recently changed.  Now, "[a]lthough a
8   complaint challenged by a Rule 12(b)(6) motion to dismiss need not
9   provide detailed factual allegations, it must offer 'more than
10  labels and conclusions' and contain more than a 'formulaic
11  recitation of the elements of a cause of action.'  (*Twombly,*
12  *supra,* 127 S.Ct. at 1964-65.)  "The complaint must indicate more
13  than mere speculation of a right to relief." (*Id.,* at 1965.)
14  Where, as here, the complaint fails to adequately state a claim,
15  such deficiency should be "exposed at the point of minimum
16  expenditure of time and money by the parties and the court."
17  (*Id.,* at 1966.)  This can occur for one of two reasons: (1)
18  absence of a cognizable legal theory, or (2) insufficient facts
19  under a cognizable legal claim.  (*Robertson v. Dean Witter*
20  *Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984).)  Both
21  rationales support dismissal here.

22      In *Twombly*, the U.S. Supreme Court "retired" the traditional
23  test that a complaint should not be dismissed "unless it appears
24  beyond doubt that the plaintiff can prove no set of facts in
25  support of his claim which would entitle him to relief."
26  (*Twombly*, 127 S. Ct. at 1968-69 (quoting *Conley v. Gibson*, 355
27  U.S. 41, 45-46 (1957)).  Now, a complaint is subject to dismissal

28

1  unless it alleges "enough facts to state a claim to relief that is
2  plausible on its face." (*Twombly*, 127 S. Ct. at 1974.)

3      In ruling on a Rule 12(b)(6) motion, a court must construe
4  the complaint in the light most favorable to the plaintiff, accept
5  all well-pleaded factual allegations as true, and determine
6  whether the plaintiff can prove any set of facts to support a
7  claim that would merit relief. (*De La Cruz v. Tormey,* 582 F2d 45,
8  48 (9th Cir. 1978).)  The court should not accept legal
9  conclusions cast in the form of factual allegations if those
10  conclusions cannot reasonably be drawn from the facts alleged.
11  (*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir.
12  1994).)  Moreover, "conclusory allegations of law and unwarranted
13  inferences are not sufficient to defeat a [Rule 12(b)(6)] motion
14  to dismiss." (*Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.
15  1998).)

16      **B.  Dismissal of the Complaint.**

17      It is clear from a reading of the unverified FAC that the
18  allegations as posited are conclusory and create unwarranted
19  inferences which require dismissal.  Rather than alleging specific
20  acts on the part of defendants which affected the plaintiffs by
21  allegedly denying them their constitutionally protected civil
22  rights, the FAC recites a litany of events, some long ago, not
23  limited to the Berkeley campus, which allege some sort of speech
24  and conduct (all of which appear to be centered on the
25  Israeli/Palestinian dispute) which purports to deny to plaintiffs
26  their civil rights.  Relying on an outdated and legally deficient
27  theory of "in loco parenti", plaintiff seeks to hold the named
28  defendants responsible for speech and conduct on public issues,

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P.
12(b)(6)        **7**        (Cause No. C 11-01012 RS)

which is constitutionally protected.  What is presented is a
lawsuit based upon allegations that one group's right to assemble
and aggressively put forth their positions on issues of public
concern on the campus of a public university, which may intimidate
a second group, goes beyond speech protected by the First
Amendment.  This is a dispositive issue of law for the court to
decide at this point in the proceedings.  It requires dismissal of
the lawsuit.

### C. Dismissal of Specific Claims.

#### 1. Claim 1 – United States Constitution – Amendment 1.

The United States Constitution will not support an action for
damages where a meaningful alternative remedy in state or federal
law is available.  (*Bush v. Lucas,* 462 U.S. 367, 386 (1983).)
Here, Plaintiff's claim for violation of the First Amendment is
improper because 42 U.S.C. § 1983 provides a cause of action for
deprivation of any rights secured by federal law.  (*Buckley v.
City of Redding,* 66 F.3d 188, 190 (9th Cir. 1995).)

The first cause of action should be dismissed.

#### 2.   Claim 2 – Violation of California Constitution Article 1, Section 4.

Plaintiffs may not pursue a claim for violation of the
California Constitution unless they establish either that (1) the
Constitutional provision contains an affirmative intent to
authorize a damages action to remedy the violation, or (2) they
have satisfied the "constitutional tort" analysis adopted by
*Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971)
and its progeny, including a showing that no adequate alternative
remedy exists.  (*Katzberg v. Regents of University of California,*

29 Cal. 4th 300, 317 (1st Dist. 2002).) Applying this analysis in *Katzberg*, the California Supreme Court held that Article I of the California Constitution does not provide a private right of action for a claim of damages for violation of due process liberty interests. (*Katzberg v. Regents of University of California*, *supra*, 29 Cal. 4th at 329 (addressing Article I, Section 7 claims).)

> California Constitution, Article 1, Section 4 provides:
> Free exercise and enjoyment of religion without discrimination or preference are guaranteed. This liberty of conscience does not excuse acts that are licentious or inconsistent with the peace or safety of the State. The Legislature shall make no law respecting an establishment of religion. A person is not incompetent to be a witness or juror because of his or her opinions on religious beliefs.

The language of Article I, Section 4 does not indicate any intent to provide a private right of action for damages. Further, the existence of alternative statutory remedies is supported by Plaintiff's own FAC, which pleads violation of California Civil Code §§ 51 et seq. based on the same alleged deprivation of free exercise of religion. Under the reasoning of *Katzberg*, there can be no private right of action for violation of Article I, Section 4 of the California Constitution.

In addition, the ASUC has a defense to this claim arising from the fact that the activities complained of (espousing positions on public issues) are vigorously protected by California's constitutional right to free speech contained in

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)                    **9**        (Cause No. C 11-01012 RS)

1 Article 1, Section 2 of the California Constitution, which has

2 been construed to be "more protective, definitive and inclusive of

3 rights to expression of speech" than the federal protection

4 afforded under the First Amendment to the United States

5 Constitution. *(Robins v. Pruneyard Shopping Center, 23 C.3d 899,*

6 *908, 592 P.2d 341(1979); Blatty v. New York Times Co., 42 C.3d*

7 *1033, 1041, 728 P.2d 1177(1986)); Witkin Summary of California*

8 *Law, Constitutional Law, Section 312, p.497.)*

9     The second cause of action should be dismissed.

10     **3. *Claim 3 – Violation of 42 U.S.C. § 1983.***

11     The Third Claim for violation of 42 U.S.C. § 1983 fails to

12 state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because the

13 First Amendment of the United States Constitution precludes ASUC

14 from discriminating against student groups based on the content of

15 their speech.

16     Section 1983 provides in relevant part:

17     Every person who, under color of any statute,

18     ordinance, regulation, custom, or usage, of any State

19     or Territory or the District of Columbia, subjects, or

20     causes to be subjected, any citizen of the United

21     States or other person within the jurisdiction thereof

22     to the deprivation of any rights, privileges, or

23     immunities secured by the Constitution and laws, shall

24     be liable to the party injured in an action at law,

25     suit in equity, or other proper proceeding for

26     redress….

27     The Free Speech Clause of the First Amendment can serve as a

28 defense in state tort suits. *(Hustler Magazine, Inc. v. Falwell,*

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P.
12(b)(6)            **10**     (Cause No. C 11-01012 RS)

485 U. S. 46, 50-51 (1988) (intentional infliction of emotional distress).)  The amount of protection attaching to speech depends upon whether it pertains to public, rather than private, matters. (*Snyder v. Phelps*, 562 U. S. ____, 131 S. Ct. 1207 (2011).) Speech is of public concern when it can "be fairly considered as relating to any matter of political, social, or other concern to the community."  (*Snyder v. Phelps, supra*, 562 U. S. ____ (2011), *quoting Connick v. Myers* 461 U.S. 138, 146 (1983).)  A statement's arguably "inappropriate or controversial character ... is irrelevant to the question whether it deals with a matter of public concern." (*Rankin v. McPherson*, 483 U. S. 378, 387 (1987).)

By enacting the First Amendment, the founding fathers ensured "a profound national commitment to the principle that debate on public issues should be uninhibited, robust and wide open." (*New York Times v. Sullivan,* 376 U.S. 254, 270 (1964).)  That is because speech concerning public affairs is the essence of self government, occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection. (*Garrison v. Louisiana*, 379 U.S. 64, 74-75 (1964); *Connick v. Myers, supra*, 461 U. S. at 145; see also *Snyder v. Phelps, supra*, 562 U.S.___ (2011).)

There can be no doubt that speech by members of student activity groups on a university campus related to the Middle East conflict, Israel, Palestine, and related issues, is public speech. The mission of a public university is primarily to educate its students.  The justification for the existence of student government is to support that educational mission of the university. (*Widmar v. Vincent*, 454 U.S. 263, 277 (1981); *Alabama*

*Student Party v. Student Government Association of the University of Alabama*, 867 F.2d 1344 (1989).)

Decisions of the U.S. Supreme Court recognize that the underpinnings of support for student government on the campuses of public universities are mandatory fees assessed students as a condition of enrollment. The constitutional justification for the imposition, collection and use of those fees rests in the proposition that the speech being supported is "student" speech, not university speech, which is used to fund organizations and activities on a content neutral basis. (*Rosenberger v. University of Virginia*, 515 U.S. 819 (1995); *Bd. Of Regents of the Univ. of Wisconsin v. Southworth*, 529 U.S. 217, 235 (2000).)

Because "student" rather than "university" speech is involved, the standard used to analyze potential constitutional violations is that of reasonableness rather than the more restrictive "compelling state interest" standard. (*Alabama Student Party v. Student Government Association of the University of Alabama, supra*, 867 F.2d at p. 1345; see also *Christian Legal Society v. Martinez,* 561 U.S. ___, 130 S.Ct. 2971 (2010).)

The above line of cases was recently reaffirmed by the Supreme Court in *Christian Legal Society v. Martinez, supra*, 561 U.S.___, 130 S.Ct. 2971 (2010). Justice Ginsburg delivered that opinion which upheld a University denial of funding to a student group not open to the general student population (it required a religious statement of faith and denied membership to gay persons) on the ground that the funding system in place was "viewpoint neutral" and conditioning access to that funding system by requiring no discrimination on the part of student activity groups

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)    **12**    (Cause No. C 11-01012 RS)

1   was reasonable.

2       Under the "student speech" standard, the ASUC is entitled to

3   a defense based on First Amendment freedom of speech if its

4   actions and omissions are reasonable.  The scant factual

5   allegations tying the ASUC to the dispute at bar are insufficient

6   to show that the ASUC acted unreasonably by funding the Muslim

7   student organizations as part of the overall funding of student

8   activity groups on the Berkeley campus.  In point of fact, if ASUC

9   failed to fund the MSA or SJP because of the content of their

10  message, it would be in violation of its First Amendment

11  obligations as noted by the settled law created by the United

12  States Supreme Court.  (See Request for Judicial Notice, Exhibits

13  D & E).

14      The third cause of action should be dismissed.

15      **4.   *Claim 4 – Declaratory Relief.***

16      An action for declaratory relief does not create an

17  independent basis for federal jurisdiction.  It is procedural,

18  only.  (*Rutter, California Practice Guide, Civil Procedure Before*

19  *Trial, Chapter 10, Section 10:14, p. 10-5.*)

20      Before declaratory relief can be granted, federal subject

21  matter jurisdiction must exist within the body of the allegations

22  of the complaint.  (*Vaden v. Discover Bank (2009) 556 U.S.___ , 129*

23  *S.Ct. 1262, 1278, fn. 19).*

24      If no substantive cause of action remains, the fourth cause

25  of action should be dismissed.

26      **5.   *Claim 5 – Violations of Civil Code Sections 51, 51.5,***

27          ***51.7, 52, 52.1.***

28      The Fifth Claim for Violations of Civil Code Sections 51,

51.5, 51.7, 52, 52.1 (California's Unruh Civil Rights Act) fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) because the First Amendment of the United States Constitution precludes ASUC from discriminating against student groups based on the content of their speech.  In addition, this is a state claim not subject to the jurisdiction of this court unless a federal claim survives.  It is but an alternative state remedy to the federal civil rights claim discussed above.

In addition, the Unruh Civil Rights Act only applies to business establishments. *California Civil Code, Section 51(b).* Although the Act is to be liberally construed, the organization against whom it is enforced must be engaged in some kind of business activity.  (See *Curran v. Mt. Diablo Council of the Boy Scouts of America,* 17 C.4th 670, 952 P2.d 218 (1998); *Randall v. Orange County Council, Boy Scouts of America,* 17 C.4th 736, 952 P.2d 261 (1998).)

There is no allegation in the complaint that ASUC engages in the kind of business activities which are subject to the Unruh Act.

The fifth cause of action should be dismissed.

### 6. Claim 6 – Violation of Title VI of the Civil Rights Act of 1964.

The Title VI of the Civil Rights Act of 1964, 42 USC 2000(d)-2000(d)(1) is entitled "Title VI - Nondiscrimination In Federally Assisted Programs."  Title VI prevents discrimination by government agencies that receive federal funds.  Section 601 of Title VI provides:

This section states the general principle that no person in the United States shall be excluded from participation in or otherwise discriminated against on the ground of race, color, or national origin under any program or activity receiving Federal financial assistance.

The ASUC is a private, non-profit, unincorporated association.  There is no allegation in the FAC stating that ASUC is a program or activity that receives Federal financial assistance.

The sixth cause of action should be dismissed.

### 7. *Claim 7 – Violation of Government Code § 11135.*

The Seventh Claim for Violation of California Government Code Section 11135 fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) because the FAC is devoid of any allegation that Defendant ASUC is "conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state", or is an employer for a program which receives state funding.

An element of a claim for violation of Government Code § 11135 is that the defendant be "any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state."  ASUC is not such a "program or activity".

Nor is there any allegation in the FAC that plaintiffs are employed in any such program or that ASUC is an employer for any

1  such program.  (See Witkin, Summary of California Law, Agency and

2  Employment, Section 334, p. 426).

3       In addition, ASUC has a complete defense against this claim

4  because the conduct complained of is protected by First Amendment

5  guarantees of free speech to students under the California and

6  United States Constitutions.

7       The seventh cause of action should be dismissed.

8  **V.    CONCLUSION**

9       The ASUC Senate is a student governmental body that considers

10  applications from student activity groups, student publications

11  and student initiated groups for funding with mandatory student

12  fee funds.  It also decides how much each group is to be allocated

13  through an annual budget process.  All of this is done without any

14  consideration of the content of the individual group's message as

15  required by law, there being no allegations in the FAC to the

16  contrary.

17       The federal claims should be dismissed because the conduct

18  and speech complained of is protected by the First Amendment to

19  the U.S. Constitution.

20       If the federal claims are dismissed, the state claims should

21  also be dismissed for lack of subject matter jurisdiction and

22  because the conduct and speech complained of is protected speech

23  under the U.S. Constitution and the California Constitution.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P.
12(b)(6)                              **16**          (Cause No. C 11-01012 RS)

1    For the foregoing reasons, defendants request that

2  plaintiffs' first, second, third, fourth, fifth, sixth, and

3  seventh causes of action for relief against Defendant ASUC be

4  dismissed for failure to state a claim upon which relief may be

5  granted pursuant to Fed. R. Civ. P. 12(b)(6).

6

7                              Respectfully submitted,

8

9  Dated:  June 23, 2011

10                             MARK HIMELSTEIN
                               Attorney for Defendant,
11                             Associated Students of the
                               University of California
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S MEMORANDUM OF PTS. & AUTHS. IN SUPPORT OF MOTION TO
DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P.
12(b)(6)                      **17**        (Cause No. C 11-01012 RS)